RB:MMS/LXN
F.#2010R01079

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

LAWRENCE DICRISTINA and
STEFANO LOMBARDO,
    also known as
    "Mitzie,"

            Defendants.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-414 (S-1)(JBW)
(T. 18, U.S.C., §§ 371,
981(a)(1)(C), 1955(a),
1955(d), 2 and 3551 et
seq.; T. 21, U.S.C., §
853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Operate Illegal Gambling Business)

1.  In or about and between February 2011 and May 2011, both dates being approximate and inclusive, within the Eastern District of New York, the defendants LAWRENCE DICRISTINA and STEFANO LOMBARDO, also known as "Mitzie," together with others, did knowingly and willfully conspire to conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, to wit: a gambling business involving illegal card games located at 3741B Victory Boulevard, Staten Island, New York ("3741B Victory"), which operated in violation of the laws of the State of New York, to wit: New York Penal Law Sections 225.05 and 20.00, which involved five or more persons who conducted, financed, managed, supervised, directed and owned

all or part of such business and which remained in substantially continuous operation for one or more periods in excess of 30 days and had a gross revenue of at least $2,000 in any single day, contrary to Title 18, United States Code, Section 1955(a).

2. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York, the defendants LAWRENCE DICRISTINA and STEFANO LOMBARDO, also known as "Mitzie," together with others, committed and caused to be committed, among others, the following:

### OVERT ACTS

a. On or about February 17, 2011, the defendant STEFANO LOMBARDO received cash from poker players in exchange for chips at 3741B Victory.

b. On or about February 17, 2011, the defendant LAWRENCE DICRISTINA instructed the dealers to begin the poker game at 3741B Victory.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT TWO
(Illegal Gambling)

3. In or about and between February 2011 and May 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LAWRENCE DICRISTINA and STEFANO LOMBARDO, also known as "Mitzie," together with others, did knowingly and intentionally

conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, to wit: a gambling business involving illegal card games located at 3741B Victory, which operated in violation of the laws of the State of New York, to wit: New York Penal Law Sections 225.05 and 20.00, which involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of such business and which remained in substantially continuous operation for one or more periods in excess of 30 days and had a gross revenue of at least $2,000 in any single day.

(Title 18, United States Code, Sections 1955(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

4. The United States hereby gives notice to the defendants that, upon conviction of any offenses charged herein, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offenses; and (b) Title 18, United States Code, Section 1955(d), which requires any person convicted of such offenses to forfeit any property, including money, used in violation of Title 18, United States Code, Section 1955.

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

4

other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

5

F. #2005R01013
FORM DBD-34
JUN. 85

Crim. No. 11-414

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

vs.

*Lawrence DiCristina and Stefano Lombardo,*

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 371, 981(a)(1)(C), 1955(a), 1955(d), 2 and 3551 et seq.; T. 21, U.S.C. § 853(p); T. 28, U.S.C. § 2461(c))

*A true bill.*

_____
Foreman

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

*Bail, $* _____

*Marisa Megur Seifan, Assistant U.S. Attorney (718-254-6008)*