**JAMES J. DIPIETRO**

*Attorney at Law*

186 JORALEMON STREET
BROOKLYN, NEW YORK 11201
——
(718) 875-4207
FAX (718) 875-1717
JJD25ESQ@aol.com

March 13, 2012

The Honorable Jack B. Weinstein
United States District Court
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>**U.S. v. Stefano Lombardo**</u>
**11-CR-414 (S-2)-01 (JBW)**

Dear Judge Weinstein,

This letter and accompanying exhibits are submitted on behalf of my client Stefano Lombardo in anticipation of his sentencing before Your Honor at 10:00 A.M. on March 26, 2012.

On December 12, 2011 Stefano Lombardo pled guilty to count 2 of a superseding indictment charging him with illegal gambling.

## The Applicable Sentencing
## <u>Guideline Range</u>

Both the government and the defense are in accord that the correct advisory guideline offense level for the defendant's plea of guilty to this charge of illegal gambling is a level 8.[1] Mr. Stefano is in Criminal History Category 1. This places the defendant in Zone A of the advisory Sentencing Guideline table making him eligible for probation.

---

[1] Senior U.S.P.O. Cheryl M. Fiorillo has advised the undersigned that she will be filing an Addendum with the Court granting the defendant a two level minor role reduction. This is in accord with the written plea agreement entered into by the litigants.

JAMES J. DIPIETRO

## **The Offense Conduct**

As previously indicated Stefano Lombardo pleaded guilty to count two of a superseding indictment charging him with illegal gambling.

Stefano Lombardo is 33 years old and single. He resides at home with his parents Giuseppe and Rita Lombardo. For the past several years the Lombardo family has fallen on financially difficult times.

With this background Stefano felt he could raise money for himself and his family by playing polka. Instead of winning, as is most often the case, Stefano lost at these card games. As a result he fell $5,000 in debt at a gambling establishment located at 3741B Victory Boulevard in Staten Island. This polka game establishment was owned and run by his co-defendant, Lawrence DiCristina and others.

The loss of $5,000 was a substantial financial hardship to Stefano. As a result the owners of this gambling location indicated to Stefano that he could work off his gambling debt by encouraging his friends to come and play polka at their establishment. Consequently between December 2010 and February 2011 the defendant sent text messages to others to play polka card games at this location. Eventually by doing so was able to repay his gambling debt to the owners.

At the time of his plea Stefano Lombardo allocuted to the following:

Between December and February 2011 within the Eastern District of New York, I participated with others in an illegal gambling business relating to poker card games at 3748B Victory Boulevard, Staten Island, New York. I was a player at these poker games and eventually lost $5,000. The owners at this location told me if I would recommend other poker players to participate in these games, I would receive a percentage of the profits so I would be able to repay my $5,000 debt.

As a result, I sent text messages to others to play poker card games at this location and I did receive a percentage of the profits until I repaid my debt. . . .

2

JAMES J. DIPIETRO

It should be noted that law enforcement initially arrested the wrong individual believing that person to be Stefano Lombardo. Mr. Lombardo immediately retained counsel who informed the government of this error and Mr. Lombardo's desire to clear this matter up and surrender at the direction of the prosecutor.

As this Court is aware participating or playing in a polka game is not illegal. The only conduct Stefano engaged in that was against the law was "working off" his 5,000 gambling debt with the owners of this establishment by texting his friends to come play polka at this location.

The prosecutors assigned to this case agree that Stefano's role in this matter was a minor one. The government has agreed to a 2 level role reduction for the defendant pursuant to USSG §3B1.2(b). Mr. Stefano has agreed to and paid the sum of $500 (five hundred dollars) in forfeiture.

## **Prior Criminal Involvement**

In August of 2010 the defendant was arrested in Pennsylvania for selling oxycodone pills to another individual.

As the PSR accurately reflects the pills sold by the defendant were in fact lawfully prescribed to him. As verified by Dr. David Taylor, the defendant has a history of herniated discs, and was prescribed Roxicodone (oxycodone) in 2008. See PSR para 29.

Mr. Lombardo took this prescribed medication for 16 months. His back began feeling better, as he lost weight, and he was able to stop taking this pain medication. As a result, and again not using very wise judgment, Mr. Lombardo sold a quantity of his remaining medication to another and was charged with a sale. On March 18, 2011 he was sentenced to two years probation and was fined. The defendant has been compliant with all the terms of his probation. The defendant's participation in the instant EDNY offense ended in February 2011.

3

JAMES J. DiPIETRO

## **Letters**

While it is never easy to convey the essence of person with words alone, we have been greatly helped by the defendant, his family and friends. Whether written by the defendant himself or his loved ones, these letters strike the same chords. They all attest to the following attributes – Mr. Lombardo's dedication to his family, his selflessness, his strength through adversity, and his willingness to help others. These letters are attached (see defendant's exhibits 1-8).

I direct this Court's attention in particular to the letter written by Stefano Lombardo to Your Honor. In his letter he conveys his heartfelt remorse and the embarrassment he brought upon himself and his family as a result of this case. He indicates that he has learned a serious lesson in life and his desire to never again engage in any other unlawful activity for the rest of his life. He is determined to start a family, raise children and prove to everyone all the good that is contained in this young man's being.

(See defendant's Exhibit 1 attached)

Again, Mr. Lombardo accepts full responsibility for the criminal conduct that brings him before this Court. I can state without reservation that he has demonstrated extreme remorse to his family and the undersigned during the pendency of this litigation and is deeply sorry for the embarrassment he has brought to himself and his family. It is truly unfortunate, that Mr. Lombardo, who played a minor role in this illegal polka game case will have to bear the stigma of a felony conviction for the rest of his life.

JAMES J. DIPIETRO

## Conclusion

Congress has mandated that the Court impose the *minimum* sentence necessary to satisfy the purposes of sentencing, that is, reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording general and specific deterrence, and rehabilitation.

Based on the defendant's age, remorse, advisory guideline level of 8 with a Criminal History of I, minor role, and letters both he and others have submitted on his behalf, I am respectfully requesting that Your Honor sentence Mr. Lombardo to a term of one year probation.

Respectfully submitted,

James J. DiPietro

JJD/mb
cc: AUSA Marisa M. Seifan
    USPO Cheryl M. Fiorillo

Encl.