UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

STEFANO LOMBARDO,

Defendant.

11-CR-414

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On December 12, 2011, Stefano Lombardo pled guilty to the second count of a two-count superseding indictment. That count charged that between February 2011 and May 2011, within the Eastern District of New York and elsewhere, Lombardo, together with others, knowingly and intentionally conducted, financed, managed, supervised, directed, or owned part of an illegal gambling business, in violation of 18 U.S.C. § 1955 and 2.

Lombardo was sentenced on March 26, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 8 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between zero and six months. The count to which Lombardo pled guilty carries a maximum term of imprisonment of five years. *See* 18 U.S.C. § 1955(a). The maximum fine is $250,000. *See id.* § 3571(b)(3).

Lombardo was sentenced to four years of probation. *See id.* § 3561(a). No fine was ordered. A special assessment of $100 was imposed. The defendant agreed to forfeit $500 to the government; he was ordered to do so.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker*.

2

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The offense to which the defendant pled guilty is a serious one. Gambling, while ubiquitous in our society, results in harm to many individuals, especially those who become addicted to it. Other considerations, however, support the imposition of a non-Guidelines sentence. Defendant is thirty-three years old. He had a good upbringing and still resides with his parents. He has close relationships with his two younger siblings. Defendant is engaged, and his fiancée has remained supportive of him. Mr. Lombardo has had serious health issues—he underwent surgery in 2009 to enable him to lose weight—and has been treated for an eating disorder and for a gambling addiction. He has an associate's degree and worked for his father and for his cousin. The current offense appears to have been the result of a well-intentioned but misguided effort to earn money for his family.

A sentence of probation and forfeiture ordered reflect the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the lengthy term of probation imposed, the forfeiture ordered, and the shame of a felony conviction. Specific deterrence will be effectuated by the shame of the conviction and the term of probation imposed. The defendant is clearly extremely remorseful for his crime.

Jack B. Weinstein
Senior United States District Judge

Dated: March 26, 2012
Brooklyn, New York